**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 2, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CHRISTIAN B. EYRING, individually
and as Guardian of T.H.E. (minor child),

   Plaintiff - Appellant,

v.

PETER A. FONDACO, Murray Police
Chief; TROY MCCOMBE, Murray Police
Detective; MEG ROWLAND, Murray
Police Officer; ALISSA BLACK, Murray
Crime Victim Advocate; BRITTANY
JONES, Department of Children and
Family Services Case Worker,

   Defendants - Appellees,

and

MANDY ROSE, Salt Lake Assistant
District Attorney,

   Defendant.

No. 15-4032
(D.C. No. 2:13-CV-01137-DB)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **EBEL**, and **MORITZ**, Circuit Judges.
_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

This case arose out of a custody dispute between Christian Eyring and his ex-wife over their minor son, T.H.E. At one point during that dispute, T.H.E. wore a wire to record an interview with a court-appointed social worker. The resulting recording later proved detrimental to Eyring's initial bid for custody over T.H.E. Upon eventually regaining custody of T.H.E., Eyring filed this suit against the city and state employees allegedly responsible for the wiretap incident, asserting claims under 42 U.S.C. § 1983 on behalf of both himself and T.H.E. The district court dismissed all of the claims, finding that the statute of limitations had run and, in the alternative, that the defendants were entitled to qualified immunity. We affirm.

On appeal, Eyring first contends that Utah's minor tolling statute, Utah Code Ann. § 78B-2-108, prevented the statute of limitations from running on his son's claims.[1] Yet, in responding to the defendants' motions to dismiss his and his son's claims below, Eyring explicitly disavowed reliance on the minor tolling statute. See App. 76 ("Statutory tolling . . . is not applicable in this case.") (citing Colosimo v. Roman Catholic Bishop, 156 P.3d 806, 810-11 (Utah 2007) (applying the minor tolling statute to toll the limitations period until the plaintiffs turned eighteen)). Because that "theory was intentionally relinquished or abandoned in the district court, we . . . deem it waived and refuse to consider it." Richison v. Ernest Grp., Inc., 634 F.3d 1123, 1127 (10th Cir. 2011).

Eyring next asks the Court to determine whether the district court's ruling on qualified immunity would have preclusive effect against a future suit brought by his

---

[1] He concedes that the statute of limitations has run on his own claims.

2

son.  But at this stage, such a determination would be an advisory opinion, which we have no power to issue.  See In re Special Grand Jury 89-2, 450 F.3d 1159, 1170 (10th Cir. 2006)  ("[This Court's] judgments must resolve a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.") (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)).  It is beyond dispute that Eyring, acting in his capacity as guardian of T.H.E., has both filed and litigated claims on behalf of his son in this lawsuit.  See Fed. R. Civ. P. 17(a)(1)(C), (c)(1) (permitting guardians to sue on behalf of minors).  The preclusive effect of this lawsuit on any future litigation, however, must be determined by the court presiding over that future litigation—not this one.  See In re Special Grand Jury 89-2, 450 F.3d at 1170.

Proceeding on the assumption that the district court's rulings would be preclusive against T.H.E.'s future claims, Eyring contends that the district court lacked jurisdiction to issue an alternative ruling regarding qualified immunity once it found that the statute of limitations had run.  Federal statutes of limitation, however, are jurisdictional "only if Congress has clearly stated as much."  United States v. Kwai Fun Wong, 135 S. Ct. 1625, 1632 (2015) (internal quotation omitted) ("Congress must do something special, beyond setting an exception-free deadline, to tag a statute of limitations as jurisdictional . . . .").  In the context of Section 1983 claims, the requisite clear statement is necessarily missing:  Congress did not establish any federal statute of limitations for Section 1983 claims, let alone state that

3

such a deadline would be jurisdictional. See Varnell v. Dora Consol. Sch. Dist., 756 F.3d 1208, 1212 (10th Cir. 2014) (noting that federal courts adjudicating Section 1983 claims must fill the legislative gap by borrowing analogous state statutes of limitations). As such, the district court did not lack jurisdiction to issue an alternative holding regarding qualified immunity after it found the statute of limitations had run.

Finally, Eyring contends that the defendants were not entitled to qualified immunity. However, since Eyring's claims on behalf of his son, T.H.E., were alternatively barred by the district court on the basis of a statute of limitations, and Eyring did not challenge that ruling below or on appeal, that ruling fully disposes of this case or controversy. Thus, we have no need to consider Eyring's challenge to the district court's alternative ruling that T.H.E.'s claims are barred by qualified immunity. See Bones v. Honeywell Int'l, Inc., 366 F.3d 869, 877 (10th Cir. 2004). Hence, we do not consider that issue on appeal.

Finally, Eyring argues for the first time on appeal that the wiretap episode violated T.H.E.'s substantive due process right to familial association. Although such a claim was arguably raised in his complaint, he advanced no argument regarding that claim when opposing the defendants' motions to dismiss before the district court. Because Eyring abandoned that claim in the district court, we deem it waived, and do not consider it. See Richison, 634 F.3d at 1127.

4

For the foregoing reasons, we AFFIRM the district court's dismissal of Eyring's and T.H.E.'s claims.

Entered for the Court


David M. Ebel
Circuit Judge